38  847
47  715

## No. 9644.

EDWARD G. SCHLIEDER vs. L. B. MARTINEZ—J. REXACH ET AL., IN-
TERVENORS.

An appeal lies from a judgment dismissing interventions, the object of which is to claim the ownership of the effects seized and to subject them to money claims, where the property, which is the matter in dispute, is shown to be worth more than two thousand dollars.

Parties deeming themselves aggrieved by a judgment may, when appealing therefrom, join in one motion and furnish one bond.

The motion and the bond should be filed in the proceeding in which the judgment appealed from was rendered. It would be irregular to offer them in a different proceeding, though the interventions were filed therein.

A bond in favor of "the clerk of the court," satisfies the law. The name of that official is utterly insignificant.

Plaintiffs seized certain movables as the property of their debtor. A third person intervened claiming title and possession under transfer before sale and asked for judgment decreeing him to be the owner. Plaintiff answered alleging his title to be in fraud of creditors and simulated. Before trial, intervenor moved to strike out all the allegations except those showing simulation and to restrict the issue to simulation vel non. The case was so tried.

Held, that after thus accepting and submitting this issue to the decision of the court, intervenor cannot now dispute plaintiff's right to raise this issue otherwise than by a direct action in declaration of simulation, even if otherwise the objection was tenable as to alleged simulation of sales of movables, on which it is unnecessary to express an opinion.

In such a proceeding the allegation that the sale attacked embraces all the property of the debtor, is a sufficient allegation of injury to the creditor.

On the facts of the case, the evidence sustains the conclusions of the judge.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*A. J. Lewis* and *Hornor & Lee* for Plaintiffs and Appellees:

The separation of witnesses is subject to the discretion of the trial judge, who may order the defendant to withdraw, when the case has been closed as to him, and when he is to be a witness as to the issues between plaintiff and the intervenors, particularly when the defendant makes no objection, which is urged solely by counsel for the intervenors. State vs. Harrison, 38 Ann.

The ruling of the lower judge at the outset and before testimony is heard that the action is *en declaration de simulation*, establishes definitely and finally the nature of the cause.

Third parties may prove simulation by presumptions, by circumstances out of the usual course of business, by the acts of the parties, their intimacy and close and long connection in business and as partners. 11 L. 269; 13 Ann, 207; 10 Ann. 29; 30 Ann. 359.

A notarial act of sale *omnium bonorum* between such persons is a presumption of simulation where the vendor is insolvent. Mackesy vs. Schultz et al, 38 Ann.; 2 Ann. 267. It is not necessary to treat such instrument as a reality, and it may be shown to be itself a mere sham and conspiracy to defraud creditors. 7 Ann. 614; 15 Ann. 177, 553; 31 Ann. 962; Johnson vs. Kingsland & Ferguson Mftg. Co., 38 Ann.

Such presumption of simulation arises the more readily where the alleged vendor is shown to have resorted to such methods previously. 12 Ann. 666; 29 Ann. 4, 36 Ann. 684; 37 Ann. 795, 165; Collins vs. Harper, No. 5747, N. R.

The ownership asserted by Lloveras of Key West cigars worth $198, and of a mirror worth $50, although urged herein by way of intervention and third opposition is really a separate demand. C. P. 398; 10 L. 518. This Court has no power to review the judgment dismissing that demand. Const. 1879, art. 81; 26 Ann. 591; 32 Ann. 603, 1120; 33 Ann. 1055; 37 Ann. 541.

Besides, there had been no delivery to Lloveras and the mirror was in the possession of Martinez when seized. C. C. 2247, (2243); 37 Ann, 472.

A sale being proved simulated, notes used to represent part of the pretended price are void. Third persons who participated in the confection of such sale, or who were fully cognizant thereof, or who had every opportunity of informing themselves of the truth, are not innocent holders in good faith. There being no sale, there can be no vendor's privilege, and there can be no concursus. 30 Ann. 625; 34 Ann. 821; 33 Ann. 1055; 32 Ann. 603, 1120.

*F. D. Chrétien, E. Sabourin* and *Albert Voorhies* for Defendants and Appellants.

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. On a claim of some $800, the plaintiff sequestered

and attached, as belonging to the defendant, the contents of a cigar store.

Rexach, Estera & Lloveras intervened, the former claiming the ownership of the property seized, the other two seeking each payment of a sum less than two thousand dollars, with lien and privilege.

After trial, there was judgment for plaintiff, but dismissing the interventions.

The intervenors appeal.

The plaintiff asks that the appeal be dismissed:

1st. Because this Court is without jurisdiction *ratione materiæ*, the amount in dispute being less than $2000;

2d. Because of irregularities in the motions and bonds of appeal;

3d. Because the transcript was filed too late.

### I.

Rexach claims to be the owner of the property seized.

Estera & Lloveras sue for separate amounts, which aggregate $1438.

It is apparent that the only judgment which can be rendered is one touching the ownership of the property seized and its liability and subjection to the money claims which are said to be secured by lien thereon.

The property seized is the matter in dispute and, as it is shown to be worth more than $2000, this Court has jurisdiction.

### II.

The objection to the motion of appeal and to the bond that they bear the title of the consolidated cases in which the judgment was rendered; that the bond is payable to John Clark, clerk of the Civil District Court, when the clerk thereof at the time was W. J. McGeehan, has no force.

The judgment appealed from was rendered in the consolidated cases, among which the suit of Schleider. It was not only not irregular, but proper, that the motion and the bond should be made in those cases. It would not do to file them in a case in which the judgment was not rendered.

There is no provision of law or rule of practice which requires that each party dissatisfied with the judgment rendered should separately appeal and give a distinct and separate bond. They can all well join in the same motion and furnish one bond, in the case in which the judgment appealed from was rendered.

The bond contains the name of McGeehan and not that of Clark. Even if it did, it would be a clerical error. It is sufficient that it be

made payable to the clerk of the court. His name is a matter of utter insignificance in such an instrument.

### III.

The transcript was filed within the thirty days allowed in extension of the return day; therefore, *in time.*

It is therefore ordered that the motion to dismiss be overruled.