(62 South. 664.)

Nos. 19,463, 19,464, 19,465.

AMERICAN TRUST CO. v. CRESCENT ICE CO.

(June 9, 1913. Rehearing Denied June 30, 1913.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 339*) — TIME FOR TAKING APPEAL — APPOINTMENT OF RECEIVER.

An appeal from an order appointing a receiver must be taken within ten days after the order is issued as provided by Act No. 159 of 1898, and if taken after that time will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1883–1887; Dec. Dig. § 339.*]

2. RECEIVERS (§ 130*)—EXTENT OF AUTHORITY—SALE OF PROPERTY.

A court which appoints a receiver with powers of administration has the authority to enlarge the powers of the receiver, and an order to him to sell the property has the effect of creating in him greater authority, particularly where no objection has been timely made.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 225, 226; Dec. Dig. § 130.*]

3. CORPORATIONS (§ 560*) — APPOINTMENT OF RECEIVERS—APPEAL.

Act No. 159 of 1898, relating to receivers of corporations, was intended to create proceedings somewhat summary for disposing of

the property of insolvent corporations, and when the proceedings are sought to be arrested an appeal will not afford an effective remedy.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2253–2260, 2262; Dec. Dig. § 560.*]

4. CORPORATIONS (§ 432*) — EXECUTION OF MORTGAGE—AUTHORITY OF PRESIDENT.

The resolution of the board of directors of a corporation authorizing the president to execute a mortgage affords sufficient proof of his authority to execute the mortgage.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1717, 1718, 1724, 1726–1735, 1737, 1743, 1762; Dec. Dig. § 432.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by the Amercian Trust Company against the Crescent Ice Company, in which the Tennessee Coal, Iron & Railroad Company, a creditor, intervenes. From orders appointing a receiver authorizing the receiver to sell property, and for a seizure and sale, the intervener appeals. Appeal from order appointing receiver dismissed, and orders as to sale of property affirmed.

Buck, Walshe & Buck, of New Orleans, for appellant Tennessee Coal, Iron & R. Co. McCloskey & Benedict, of New Orleans, for appellee Louis Knop, Sheriff, Receiver.

BREAUX, C. J. Three separate appeals were taken by the Tennessee Coal, Iron & Railroad Company (a creditor of the Crescent Ice Company, in the amount of $19,542.95, with interest) from three orders or judgments presented in three transcripts to the end of having a public sale decreed null.

Plaintiff, at whose instance the sale was made, is the trustee of the defendant company, having been made a trustee in order to represent the bondholders secured by mortgage.

The deed making it a trustee, dated November 1, 1899, was in the form of a common-law deed of trust. The amount of the bonds was $620,000. This deed was acknowledged by the Crescent Ice Company before a notary

public and two witnesses. Thereafter it was acknowledged in Boston, Mass., the domicile of the company, by the president before a notary and witnesses.

The mortgage act was duly recorded.

The act contained the stipulation that in the event of the ice company's default the property might be seized and sold by executory process.

The company failed to pay at maturity the interest coupons due.

Bondholders, holding over one-tenth in amount of the bonds, directed the trustee to institute foreclosure proceedings. In addition one of the bondholders, the owner, joined the American Trust Company as plaintiff.

The charter of defendant required that one-tenth of the bondholders request the trustee to sue as was done.

The whole property of defendant was mortgaged to secure the bonds. Nearly all of the property is immovable by nature or by destination except certain bills payable.

The legal formalities were followed in the foreclosure proceedings. A few days after the foreclosure petition had been filed, plaintiff presented a petition to the court in which it averred that the property had been seized and that it would be to its interest to keep the plant in operation, and asked that the sheriff, Louis Knop, be authorized to operate the plant pending the legal delays up to and including the date of the sale, and that the expense be charged as costs.

The order was granted by the judge of the district court.

The writ of seizure and sale was issued for the sum of $620,000 with 5 per cent. interest from May 1, 1912, with costs.

After this seizure, the sheriff, who had been appointed receiver, petitioned the court, as receiver, for an order to sell the property as receiver. The court granted the order.

There was an inventory of all the property duly made.

The property was sold under the writ of seizure and sale and under the order of court issued to the receiver.

Attorneys for the Crescent Ice Company on the 5th of February, 1912, filed a rule on plaintiff to show cause why the writ of seizure and sale should not be revoked as having been issued improvidently on evidence not sufficient to authorize the issuance of the writ.

After this rule had been filed, at the instance of creditors of the defendant, on the 9th day of February, 1912, the sheriff was appointed and qualified as receiver, as before mentioned, and an order of sale was issued to sell the property in insolvency proceedings to the end, doubtless, of meeting the objection urged in the rule just mentioned.

At an annual meeting of the stockholders of the Crescent Ice Company held on February 12, 1912, representing 8,020 shares, it was determined to ask for the appointment of a receiver for the reason that the company was unable to meet its obligations.

From the foregoing it is evident that the property was sold under the order of seizure and sale, also under the order issued to the sheriff, receiver, to sell the property in the insolvency proceedings.

The petition and order for the sale were spread upon the receiver's order book as required.

The Tennessee Coal, Iron & Railroad Company appeared through counsel in the district court and informed the court that it had brought suit in the United States District Court, but that before mover obtained judgment the state district court appointed a receiver; that, as it desired to proceed with the suit in the United States District Court and obtain judgment, it asked to make the sheriff in his capacity as receiver a party to its suit in the United States District Court. The coal company recognized the receiver's appointment in the state court.

The order applied for was granted, and the sheriff appointed receiver was made a party.

There were no further proceedings taken in the federal court.

The appeal was perfected April, 1912.

One appeal was taken from the order appointing the receiver; the other from the order authorizing the receiver to sell the property; and the third from the order of seizure and sale.

Reverting to the first, the order appointing the receiver: Nearly two months had elapsed at the date that the appeal was perfected. The statute limits to 10 days the time within which it is possible to appeal from an order appointing a receiver. It is a binding limit which cannot be extended by the court ex proprio motu. At the expiration of the time limit to appeal, the court is without authority to entertain the appeal. For instance, the time limit of 12 months is 12 months under the article of the Code of Practice. It is 10 days under the statute (No. 159 of 1898) which grants the right of appeal in this instance. That is absolutely conclusive. The appellee having invoked the limit, we cannot do less than give it effect. The appeal from the order appointing the receiver must be, and it will be, dismissed. The legal delay having expired, dismissal is the only alternative. Untereiner v. Miller, 29 La. Ann. 435.

[1] The appeal must be taken within the 10 days and be made returnable within the 10 days. We have before stated it was not taken within 10 days and it was not made returnable in that time. Section 4 of the Receivership Act of 1898, No. 159.

The proceedings which culminated in the appointment of a receiver were conducted contradictorily with the ice company.

True there was no service of citation. There was service of petition for the appointment and the order to show cause why the appointment should not be made. In addition in matter of a proceeding taken against the president of the company, that officer appeared in court and recognized the authority of the receiver. Moreover, the statute does not require citation, notice of service of petition, and order suffices.

Even if an irregularity had been committed, it would be cured by the failure to timely appeal. Only an absolute nullity would afford ground for relief. There was no absolute nullity.

[2] The next ground urged by the Tennessee Coal, Iron & Railroad Company was that the receiver in his petition for his appointment as receiver limited his authority to that of administration under section 9 of the Receivers Act of 1898.

It suffices to state that progress has been made in the proceedings since the petition for the appointment of a receiver was filed. The allegation, as we construe it, was persuasive for the purpose of obtaining the order of the court. It is not particularly limitative, especially at this time.

Let us concede that it is as alleged by appellant, and that the receiver originally only had power of administration. It was possible for the court to enlarge those powers, and that was the effect of the order to sell the property. If objection had been timely made it would be different.

[3] The law regarding receivers, adopted in 1898, was intended to sanction proceedings somewhat summary in disposing of property of insolvent corporations. That was the view taken by us in a case recently decided. In re Receivership of Bonita Mercantile Co., 129 La. 1046, 57 South. 332.

It is too late to raise the objection urged. A remedy more effective than an appeal taken after time allowed must be resorted to in order to arrest the proceedings.

We have seen that the sheriff has acted in a dual capacity, as sheriff and as receiver.

Even if all the property was not immovable, the order authorizing the receiver to sell the property includes both movable and immovable property.

[4] Regarding the executory process resorted to, appellant's objection is that there is no authentic proof of the president's authority to execute the mortgage. To this it suffices to state that the resolutions passed by the board of directors, approving the foreclosure proposed, can be considered authority. At this meeting the appointment of the receiver was ratified, also the seizure.

After considering Act 148 of 1910, relative to proceedings in court by a corporation, it leaves scant ground for complaint of appellant. The bonds had matured; they were in the hands of the trustee; and he was proceeding to effect a collection. The signatures to the act had been proven in the manner required by oath before the notary. The act thereby had authentic effect. It amounted to a confession of judgment. During the course of the trial, the defendant, through counsel, sought to have the writ recalled and canceled on the ground that the evidence was not authentic. That motion was discontinued, abandoned, and the judge of the district court gave effect to the abandonment by issuing an order thereon of discontinuance. At a stockholders' meeting, all the proceedings were approved.

The following is an excerpt from copy of the proceedings of the stockholders of defendant company:

"That the action of the American Trust Company in foreclosing herein and in causing the court to appoint the civil sheriff as receiver is ratified and approved. That being the attitude of defendant in executory process, the creditor has no legal right to complain. The property sold for $140,000. There is no complaint of this adjudication as we gather."

The appeal from the order appointing the receiver is dismissed.

The orders to sell the property are affirmed, at appellant's costs.