(68 South. 386)

No. 21224.

AMERICAN TRUST CO. et al. v. CRESCENT ICE CO.

(April 26, 1915.)

*(Syllabus by the Court.)*

APPEAL AND ERROR ☞395—SEPARATE APPEALS—BONDS—DISMISSAL.

Where plaintiff moved for, and was granted, separate appeals from separate decrees, but filed bond only under one order, the other appeal will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2058, 2064–2070, 2085, 2086, 3127; Dec. Dig. ☞395.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by the American Trust Company and others against the Crescent Ice Company. From the judgment, the Tennessee Coal, Iron & Railroad Company, a creditor of defendant, appeals. Appeal dismissed.

Buck, Walshe & Buck, of New Orleans, for appellant Tennessee Coal, Iron & R. Co. McCloskey & Benedict, of New Orleans, for appellee Louis Knop.

LAND, J. This case comes again before us on appeal taken by the same party, the Tennessee Coal, Iron & Railroad Company, a creditor of the defendant. See 133 La. 247, 62 South. 664. In that case three appeals were taken by the present appellant in the receivership of the defendant corporation; one from the order appointing the receiver, another from the order authorizing the receiver to sell the property, and the third from the order of seizure and sale.

The first appeal was dismissed; and the orders to sell the property were affirmed. 133 La. 253, 62 South. 664.

On April 2, 1912, the Tennessee Coal, Iron & Railroad Company, after obtaining orders for appeal from said three orders, filed a petition in the receivership attacking each of said orders, and asking that the same be canceled and set aside on sundry grounds. The plaintiffs and defendant in the original suit, the sheriff and receiver, and future adjudicatees of the property of the Crescent Ice Company, were named and cited as defendants. The same company on April 8, 1912, filed a supplemental and amended petition, alleging that all the property of the Crescent Ice Company had been advertised and adjudicated by the sheriff to "Bernard McCloskey, attorney," and praying that said adjudicatee be also made a party to the proceedings; and it was so ordered.

Defendants, on April 15, 1912, excepted to the petitions of the Tennessee Coal, Iron & Railroad Company on several grounds and pleaded the prescription of ten years.

No further proceedings were had until December 4, 1914, when the attorneys for said company moved for and obtained an order fixing said exceptions for trial on December 18, 1914.

On December 7, 1914, the Crescent Ice Company, through Louis Knop, its receiver, excepted to the further prosecution of the suit of the Tennessee Coal, Iron & Railroad Company, on the ground that the judgment of the Supreme Court as reported in 133 La. 247, 62 South. 664, was res judicata of all issues made therein. The same defendant pleaded the prescription of 30 days under section 4 of Act No. 159 of 1898, and, ruled said company to show cause why a certain inscription of its claim or demand recorded in Mortgage Office on April 2, 1912, should not be canceled.

The exceptions and rules were submitted to the court, and in due course judgment was rendered as follows:

"It is ordered, adjudged, and decreed that the exceptions of no cause of action, res judicata, and the prescription of 10 days and 30 days herein filed by the Crescent Ice Company through Louis Knop, sheriff, receiver, be and the same are hereby maintained, and accordingly judgment is hereby rendered in favor of the defendant, the Crescent Ice Company, through Louis Knop, receiver, dismissing the suit of the Tennessee Coal, Iron & Railroad Company at its costs.

"It is further ordered, adjudged, and decreed that there be judgment in favor of the Crescent Ice Company, Louis Knop, receiver, and against the Tennessee Coal, Iron & Railroad Company, and Hon. E. T. Dunn, recorder of mortgages for the parish of Orleans, ordering said recorder of mortgages to cancel and erase from the books of his office the notice of suit recorded in Book 1053, folio 206, on April 2, 1912, at the costs of said Tennessee Coal, Iron & Railroad Company."

The said company obtained an order of appeal as follows, to wit:

"It is ordered that an appeal suspensive and devolutive be granted to the Tennessee Coal, Iron & Railroad Company, from the judgment dismissing the suit returnable to the Supreme Court of Louisiana on the 17th day of March, 1915, upon furnishing bond conditioned according to law, in the sum of $100, and a suspensive appeal from the judgment ordering Louis Knop, receiver, and E. T. Dunn, recorder of mortgages, to cancel and erase from the books of his office, recorded in M. O. R. 1053, fo. 206, the notice of suit, upon mover giving a bond and surety conditioned according to law, said judgment rendered January 29, 1915, and signed February 5, 1915, returnable on the same day."

The appellant filed one bond, in the sum of $100, from "a final judgment rendered against it in the suit of the American Trust Co. et, al. v. Crescent Ice Co., No. 99353 of the civil district court for the parish of Orleans, on the 29th day of January, 1915, and signed on the 5th day of February, 1915."

### Motion to Dismiss.

The defendant receiver has moved the court to dismiss the appeal from the judgment making absolute the rule for the cancellation of the inscription of lis pendens, and assigns for cause:

(1) That there is no legal order of appeal.

(2) If there be a legal order of appeal, appellant has never filed any bond to appeal therefor.

Appellee contends that there were two separate proceedings and judgments on the case.

Appellant maintains that there was, in law, only one judgment, that dismissing its suit; and that the order canceling the inscription of lis pendens was merely incidental. Appellants' counsel cite Act No. 22 of 1904, pp. 25, 26, "respecting notice of pendency of action in regard to immovable property, and providing for the registration of such notice." Section 1 reads:

"That * * * the pendency of an action in any court, state or federal, in the state of Louisiana, affecting the title, or asserting a mortgage or lien upon immovable property, shall not be considered or construed as notice to third persons not parties to such suit, unless a notice of pendency of such action shall have been made, filed or registered, in compliance with this act."

Section 2 provides the manner of giving notice.

Section 3 reads:

"That in the rendition of judgment in such suit or action, if judgment be given against plaintiff's claim, it shall provide for the cancellation of said notice at plaintiff's expense, and as part of the costs of suit."

But, in the case at bar, one of the grounds of the rule was that the Tennessee Coal,

Iron & Railroad Company was never more than an ordinary creditor, without any right in or against the property of the receivership, and that the inscription of its demand on the mortgage book was not warranted in law. Another ground was that it had been adjudged that the said company had no valid demand against the defendants, and that the third and last ground was that the alleged demand had been prescribed by the lapse of 30 days under section 4 of Act 159 of 1898.

Section 3 of Act No. 22 of 1904 assumes that the plaintiff's claim is one affecting the title, or asserting a mortgage or lien upon immovable property. In such a case, a judgment against the plaintiff nullifies both the claim and the inscription. But, if the plaintiff in a suit has no claim in, or against, the property in question, or his claim has been prescribed, or adjudged invalid, section 3 has no application.

The rule sued out by the receiver to cancel the inscription was a separate demand, on which a separate judgment was rendered, from which a separate appeal was taken.

In Day v. Bailey, 116 La. 961, 41 South. 223, an injunction was dissolved on rule. Plaintiff appealed, and the court fixed the bond at $100. A few days later the main suit was tried and dismissed on exception of no cause of action. From the judgment maintaining the exception, the plaintiff obtained an order for a suspensive appeal. The order did not, however, fix the amount of the bond, but directed that the bond be furnished "in the sum provided by law." Plaintiff furnished one bond in the sum of $6,000, which recited that it was given for the two appeals. The first appeal was maintained. The second was dismissed, because the amount of the suspensive bond was fixed neither by law nor by the judge.

In the same case the court said that separate appeals require separate bonds. See Succession of Clairteaux, 35 La. Ann. 1178.

On the other hand, it has been held that one single appeal and one bond are sufficient, where three separate decrees in the settlement of a succession have been consolidated and brought before the Supreme Court. Succession of John Clark, 30 La. Ann. 801. See Succession of John Geddes, 36 La. Ann. 963. It has also been held that parties aggrieved by a judgment may, when appealing therefrom, join in one motion and furnish one bond. Schlieder v. Martinez, 38 La. Ann. 847.

In the case at bar no bond was given, or could have been given, under the order of appeal from the judgment on the rule.

Appeal from judgment on rule is therefore dismissed.