(78 South. 942)

No. 21224.

AMERICAN TRUST CO. et al. v. CRESCENT ICE CO.

(May 27, 1918.)

*(Syllabus by the Court.)*

JUDGMENT ⟨⟩540—PLEA OF RES JUDICATA—SUFFICIENCY.

The plea of res judicata will be sustained, on showing that the thing demanded in the suit is the same as that demanded in a former suit, which embraces the same cause of action, between the same parties against each other in the same qualities, and where the former suit has been decided by a final judgment from which there can be no appeal.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Suit to foreclose a mortgage by the American Trust Company against the Crescent Ice Company, in which a receiver was appointed, and in which the Tennessee Coal, Iron & Railroad Company and another, creditors of the Crescent Ice Company, moved to annul the orders appointing a receiver, etc., with exception by defendant of no cause of action and res judicata to the petition of intervention, and with rule by the purchaser against the interveners. Judgment sustaining the exceptions making the rule absolute, and the intervener company appeals. Affirmed.

See, also, 133 La. 247, 62 South. 664; 137 La. 139, 68 South. 386.

Buck, Walshe & Buck, of New Orleans, for appellant. McCloskey & Benedict, of New Orleans, for appellee American Trust Co.

SOMMERVILLE, J. This is a receivership, in which the Tennessee Coal, Iron & Railroad Company et al. intervened and alleged that they were creditors of defendant; that there were errors to their prejudice in three judgments rendered therein; that they were aggrieved thereby; and they appealed therefrom.

An appeal was taken from the order appointing the receiver; the second from an order authorizing the receiver to sell the property belonging to the defendant; and the third from an order of seizure and sale sued out by the plaintiff.

The appeal from the order appointing the receiver was dismissed because it was not taken within ten days after the appointment, and not made returnable within ten days.

The two orders to sell the property were affirmed at appellants' costs. American Trust Co. v. Crescent City Ice Co., 133 La. 247, 62 South. 664.

On the same day that the interveners took the appeals just referred to they filed in the district court, in the receivership proceedings, a petition in which they attacked the three orders above referred to on the same grounds which were argued, submitted, and disposed of by this court on the appeals taken, and reported in 133 La. 247, 62 South. 664.

After judgment was rendered by this court on the appeals, the defendant and other parties filed exceptions to the petition of the interveners in the district court, setting up res adjudicata and no cause of action. The purchaser of the property also filed a rule calling upon the interveners to show cause why there should not be erased from the records of the mortgage office the inscription of the suit filed by interveners, which operated as a cloud upon the title. The exceptions and rule were tried at one time, and there were judgments rendered sustaining the exceptions and making the rule absolute.

Interveners appealed from the judgments, and filed one bond. Thereupon defendant moved to dismiss the appeal taken from the judgment on the rule to cancel the lis pendens from the mortgage office. And that motion prevailed. American Trust Co. v. Crescent Ice Co., 137 La. 139, 68 South. 386.

There now remains to be disposed of the judgment on the exceptions of res adjudicata and no cause of action, which were sustained to the petition of interveners.

The exception of res adjudicata was tried on the pleadings in the district court; and, after argument, it was sustained. There was no evidence offered on the trial of that exception; and, in this court, the matter was "submitted on the briefs filed in the case of the same name in 133 La. 247, 62 South. 664, and 137 La. 139, 68 South. 386." The matters involved were fully determined in 133 La. 247, 62 South. 664.

The things demanded by interveners in their petition now before the court are the same as those demanded by them on the appeals which they took in this same suit, and which were disposed of in 133 La. 247, 62 South. 664. The two demands embrace the same causes of action, between the same parties, against each other in the same qualities, and there has been a final judgment rendered, and a rehearing refused.

The exception of res adjudicata was properly sustained.

The judgment appealed from is affirmed.