GRISBAUM, Judge.
This is an appeal from the trial court’s granting a deficiency judgment in a suit brought against the guarantor of two chattel mortgages. We affirm.
Two principal issues are presented. We confront first whether the trial court erred in concluding that the corporate resolution submitted in support of executory process meets the requirements prescribed in Louisiana Code of Civil Procedure article 2636(4) and, thus, can be deemed authentic evidence in an executory proceeding. Secondly, if the executory process was otherwise proper, we ask whether its exercise was made defective by improper service on the corporation.
The corporate resolution appears to be a liquid-process copy of an original. Forming part of the copied material is a certification paragraph that is signed by the corporate secretary. Although the issue is not free from doubt, Hibernia (in brief) maintains the resolution is an original document, signed by the corporation’s secretary, and this assertion is in no manner controverted. The document is not certified by a notary. Instead, it is sealed and signed by a notary and marked ne varietur for identification with one of the two acts of chattel mortgage foreclosed on by Hibernia. The notary nowhere purports to certify the resolution.
Our circuit has observed in Bank of St. Charles, etc. v. Great Southern Coach, 424 So.2d 462, 463 (La.App. 5th Cir.1982), citing Miller, Lyon & Co. v. Coppel, 36 La.Ann. 264 (La.1884), and our jurisprudence is replete with the legal axiom that requiring authentic evidence support every link in the chain of evidence in an exec-utory proceeding is the very foundation of executory process. To justify the order of seizure and sale, every muniment of title and every other link of evidence must be in authentic form or in a form deemed authentic by specific statute. Louisiana Code of Civil Procedure articles 2635-36; Fabacher v. Hammond Dairy Co., Inc., 389 So.2d 87, 91 (La.App. 4th Cir.1980); Progressive Bank & Trust Co. v. Dieco Specialty, Inc., *978 878 So.2d 139, 141 (La.App. 1st Cir.1979). The Bank of St. Charles opinion further stated that it is evident from both our statutory law and our jurisprudence that among such requisite authentic links is a corporate resolution empowering a corporate officer to confect a mortgage agreement on behalf of the corporation. Bank of St. Charles at 463. See also Louisiana Code of Civil Procedure article 2636; Progressive Bank at 141; Fabacher at 93.
We are aware of only two avenues by which a corporate resolution can be clothed with authenticity: Louisiana Civil Code article 1833[1] and Louisiana Revised Statute 13:4103[2], the latter of relatively recent origin. Prior to the enactment of Act 148 of 1910, corporate resolutions bestowing contractual powers, with the exception of some railroad company resolutions, had to be drawn in authentic form (that is, executed before a notary and two witnesses). Interstate Trust & Banking Company v. Powell Brothers & Sanders Company, 126 La. 22, 52 So. 179 (La.1910); Bank of Leesville v. Wingate, 123 La. 386, 48 So. 1005 (La.1909). Only in the wake of Act 148, now substantially reproduced in Louisiana Revised Statute 13:4103, have corporate resolutions attended by lesser formality been deemed authentic for purposes of executory process. American Trust Company v. Crescent Ice Company, 133 La. 247, 62 So. 664 (La.1913). Even this lesser formality, however, prescribes an explicit form. Pertinent here, it requires the notary before whom the act of mortgage is passed to certify the copy of the authorizing corporate resolution presented him.
Our principal difficulty in the resolution of this dispute has arisen over whether we must apply the above formal requisite where not the “copy” of the resolution that the act strictly contemplates but the original thereof is submitted to fulfill the proof requisite for the executory proceeding.[3] Whether this notarial certification properly applies to the original document necessarily, in turn, involves just what a notary certifies to upon a copy *979 taken from an original resolution. Having studied Louisiana Revised Statute 13:4103 and its predecessor provisions, as well as the concomitant jurisprudence at length without any appreciable elucidation, we finally conclude that the notarial certification in this instance serves a function identical to that afforded by certification under Louisiana Revised Statute 9:2758, which permits a notary to certify a copy of an authentic act as best evidence where the original is lost. In both instances, we conclude, the notary certifies the document “as being conformable to the record,” that is, to the original act. Such being the reason for and essence of the notary’s certification, to require its being inscribed on the original document would be to indulge in a quintessentially nonsensical exercise. Even the meticulous formalities of executory process do not require that we so far elevate form over function. Thus, the original resolution certified by the corporate secretary and submitted in support of executory process is to be deemed authentic.
The defendants’ second contention is likewise without merit. After one attempt at service on Con-Agg’s agent for service of process, Hibernia effected service through the Secretary of State.[4] Before this court, defendant Davis asserts that Hibernia served Con-Agg through the Secretary of State with three-day notice of seizure and sale, with notice to appoint an appraiser, and with notice of the date of the sale when in fact Hibernia could have and should have served Con-Agg through its appointed agent or through a corporate officer.
As the defendants assert, notice of seizure is mandatory and not waivable. See Louisiana Code of Civil Procedure article 2721 and Comment (b) thereunder. Moreover, no waiver of appraisal or of notice of appraisal here appears. Thus, Hibernia was obliged to serve Con-Agg with the notices, the improper service of which Con-Agg complains.
However, it appears that Hibernia did so serve in a manner comporting with the requirements of the Code of Civil Procedure. With specific regard to the defendants’ contention that, failing service on Con-Agg’s appointed agent for service, Hibernia should next have attempted to serve a corporate officer, Hibernia is correct when it asserts that paragraph 2 of Code of Civil Procedure article 1261[5] conditions service on officers or employees on various conditions, none of which exists here. Nor does it appear that Hibernia’s initial attempt at service was not diligent, as is required by Code of Civil Procedure article 1262[6] as interpreted in Louisiana Dist. Council of the Assemblies of God, Inc. v. Victory Temple, 376 So.2d 169 (La.App. 4th Cir.1979). The unfulfilled service returns indicate that a deputy sheriff made “due and diligent search” for the agent but was “unable to locate him or his whereabouts.” Absent any refutation at all of this avowal of record and absent any indication of record of the actual circumstances *980 of service, we cannot say, as a matter of law, that this one attempt was not diligent. Thus, we cannot say that service on the Secretary of State was improper.
Notwithstanding Davis’ contentions, no invalidity appears to taint the underlying executory process. Accordingly, the deficiency judgment rendered by the trial court is affirmed. All costs of this appeal are to be assessed against the appellants.
AFFIRMED.

. Louisiana Civil Code article 1833 provides that
An authentic act is a writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed.
To be an authentic act, the writing need not be executed at one time or place, or before the same notary public or in the presence of the same witnesses, provided that each party who executes it does so before a notary public or other officer authorized to perform that function, and in the presence of two witnesses and each party, each witness, and each notary public signs it.
If a party is unable or does not know how to sign his name, the notary public must cause him to affix his mark to the writing.
Although enacted in 1984, effective January 1, 1985, this provision only clarifies the rule of law of former Civil Code article 2234. Comment (a).

. The provision, as it reads today, is as follows:
A copy of an authorizing resolution or a ratifying resolution of the board of directors or other governing board of the corporation, authorizing or ratifying the execution of a mortgage on behalf of the corporation, taken from the copy certified by the secretary or any assistant secretary and certified as provided hereinafter, shall be deemed authentic evidence for the purposes of an executory proceeding to enforce the mortgage. This copy of the resolution shall be certified by either the notary before whom the act was passed, or by the custodian of notarial archives for the parish of Orleans if the mortgage has been recorded in Orleans Parish, or by the clerk of the district court of any other parish in which the mortgage, authorizing resolution, or ratifying resolution has been recorded. This certified copy shall be deemed sufficient evidence, for the purposes of executory process, of the authority of the officer or agent to execute the mortgage, the existence and personnel of the governing board, and the authority of the governing board to authorize the execution of the mortgage.
The right of an interested party to question or attack the authority of the purported officer or agent to execute the mortgage is not affected in any manner by the provisions of this Section.
The version of the statute in effect at the time this suit arose differed only in minor aspects, of no moment to this opinion.

.Inasmuch as an original or a duplicate original is in fact the best “copy" of the distilled, verbalized intent of the resolvers, we deem it elementary that Louisiana Revised Statute 13:4103 can govern the original resolution as well as copies taken therefrom.

. No contention is made that Con-Agg never received notice by this mode of service.

. Article 1261 of the Louisiana Code of Civil Procedure reads:
Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion.

.Article 1262 of the Louisiana Code of Civil Procedure provides:
If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.