GOTHARD, Judge.
This is an appeal of a default judgment by the defendant.
The plaintiffs, Betty Bowman Evans and Rufus Leo Evans filed suit against Emily Evans Bongard, their vendor of a home in Gretna, and against “Stewart Title Company” and “an unknown attorney who did the title opinion and closing of the sale of property.” They allege that the property had passed to them in 1983 with a title problem, which was revealed when their prospective vendees applied for a loan. The prospective purchasers withdrew from the agreement to purchase, and the plaintiffs sued for damages and attorneys’ fees, alleging Stewart’s and the attorney’s negligence in passing “a clear title to petitioners when in fact, the title was not clear.”
When Stewart Title Guaranty Company (the correct name of the defendant) did not respond to the suit, a default judgment was rendered against the company on April 7, 1987, awarding the plaintiffs $39,250 plus legal interest from date of judicial demand, plus costs that included an expert witness fee of $300.
The defendant appealed solely on grounds of improper citation and service of process upon a corporation.
The petition instructed the Clerk of Court to serve Stewart “through Secretary of State." The appellant argues correctly that under the applicable statutes, La.C.C. *703 P. art. 1261 and 1262,[1] a corporation may be served through the Secretary of State only after diligent effort has been made to serve the agent for service of process, or an officer, director, or resident agent named in the articles or in the last report filed with the Secretary’s office, or by personal service on an employee of suitable age and discretion. Alaynick v. Reiss, M.D., 482 So.2d 58 (La.App. 5th Cir.1986), writ denied 487 So.2d 438 (La.1986); Hibernia Nat. Bank v. Con-Agg Equip. Leasing, 478 So.2d 976 (La.App. 5th Cir.1985), writ denied 481 So.2d 1350 (La.1986). The only sheriff’s return on a citation issued to Stewart is one stamped with a certification that a copy of the suit was tendered to the First Assistant Secretary of State.
The appellee’s position is that service on the Secretary of State was proper under either LSA-R.S. 22:985 or R.S. 1253 of the insurance code, as Stewart is a foreign insurer. Section 985 pertains to foreign or alien insurers who have been certified to do business in Louisiana, while section 1253 applies to those which do business in the state without having been certified. Both sections provide that the Secretary of State is appointed attorney for the insurer and may be served with “all lawful process.” However, there are more stringent requirements for service of process under section 1253, which requires the plaintiffs to take further steps to notify the defendant, as follows:
B. Such service of process shall be made by delivering and leaving with the secretary of state or with some person in apparent charge of his office two copies thereof and the payment to him of such fees as may be prescribed by law. The secretary of state shall forthwith mail by registered mail one of the copies of such process to the defendant at its last known principal place of business, and shall keep a record of all process so served upon him. Such service of process is sufficient, provided notice of such service and a copy of the process are sent within ten days thereafter by registered mail by plaintiff’s attorney to the defendant at its last known principal place of business, and the defendant’s receipt, or receipt issued by the post-office with which the letter is registered, showing the name of the sender of the letter and the name and address of the person to whom the letter is addressed, and the affidavit of the plaintiff’s attorney showing a compliance herewith are filed with the clerk of the court in which such action is pending on or before the date the defendant is required to appear, or within such further time as the court may allow. However, no plaintiff or complainant shall be entitled to a judgment by default, or a judgment with leave to prove damages, or a judgment pro confesso under this Section until the expiration of thirty days from date of the filing of the affidavit of compliance.
See Succession of Rock v. Allstate Life Insurance Co., 329 So.2d 862 (La.App. 1st Cir.1976), reversed on other grounds 340 So.2d 1325 (La.1976). No affidavit of the plaintiff’s attorney showing compliance with the above procedure appears in the record; yet the appellee states in his brief:
... Defendant-Appellants have shown no certificate for doing business in Louisiana from the Insurance Commissioner of Louisiana and by transacting business *704 in Louisiana guidelines must be following which come under La.Rev.Statute 22:1253. [Emphasis supplied.]
No information whatever is provided in the petition to indicate whether “Stewart Title Company” is a corporation or an insurer, domestic or foreign. The petition is defective also in that it fails to state the domicile of any of the three defendants, as strictly required by La.C.C.P. art. 891, without which neither correctness of venue may be determined nor the proper method of service. The plaintiff may amend to correct these omissions. Roussel v. Noe, 274 So.2d 205 (La.App. 1st Cir.1973), writ refused 281 So.2d 743 (La.1973).
For the reasons discussed above, we hold that service upon the defendant was invalid and the default judgment appealed from is a nullity. Accordingly, we set aside the judgment and remand, with an order that plaintiffs amend their petition.
JUDGMENT SET ASIDE AND REMANDED WITH ORDER.

. Art. 1261. Domestic or foreign corporation
Service of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.
If the corporation has failed to designate an agent for service of process, or if there is no registered agent by reason of death, resignation, or removal, service of the citation or other process may be made at any place where the business of the corporation is regularly conducted either:
(1) By personal service on any officer, director, or resident agent named in the articles of incorporation or in the last report previously filed with the secretary of state, or
(2) By personal service on any employee of suitable age and discretion.
Art. 1262. Same; secretary of state
If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in Article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.