RICHARD *vs.* BIRD ET AL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

A change from the *via executiva* to the *via ordinaria* may be made by the introduction of testimony under the allegations in the original petition for the executory process; and if they are not sufficiently explicit to authorize the proof, a supplemental petition may be filed.

An act of mortgage of land, made by a duly authorized agent of the partners, is evidence of a debt against the firm.

The wife can neither alienate nor acquire real property, without the consent of the husband, of which consent, parole evidence is inadmissible.

If the inferior court reject testimony which the Supreme Court consider admissible but superfluous, the cause will not be remanded.

The power of an agent to acknowledge a debt must be more specific than that which enables him to contract one.

39

EASTERN DIS.
August, 1832.

RICHARD
vs
BIRD ET AL.

The facts are stated in the opinion of the court, delivered by PORTER, J.

This is an action in the *via executiva;* but by the mode in which the proceedings have been conducted, the opposition has assumed the form of a separate suit, to which an answer has been put in by the original plaintiffs.

The case has been presented to the court on two grounds. It is contended on the part of the creditors, that the act of mortgage authorized the executory proceeding; and that if it did not, the case being changed by the pleadings in the court below, from the *via executiva* to the *via ordinaria*, the evidence will justify judgement against the defendants for the amount claimed in the petition.

The mortgage on which the order of seizure and sale issued, was executed by an agent who assumed the authority to borrow money on account of his principals, and mortgage their property to secure the debt. Whether this agent was so authorized, presents one of the most important questions in the case.

The law requires a special authorization to enable the mandatory to execute a mortgage, and none such is produced. But that which is equivalent is alleged to be shewn. The agent and the other persons in whose name the mortgage was given, had previously thereto entered into an ordinary partnership for the purpose of carrying on a plantation; and in the articles of partnership, the following clause is found: "All the property contained in the inventory, annexed as part of this act, together with the land and negroes brought into the said society, and made joint and common property by the said Auguste and Paul, shall be kept together; and under the *eye and management of the said Auguste Richard, who is hereby appointed agent and manager for the society, for the said period of ten years.*"

By the §4*th, Art.* 2841 *Louisiana Code,* it is provided, "a partner can neither dispose of, nor make any change in any *real property* belonging to the partnership, without the

consent of his partners, should even this disposition or change
be advantageous to the partnership."

And by the §5*th*, "In other than commercial partnerships, a partner cannot as partner only; and if he has not the administration, alienate or engage the things which belong to the partnership."

The right of the administrator under these provisions in the code, to give a mortgage for a debt contracted in the course of administration, has been much contested at the bar, and the question of law discussed in a manner quite creditable to the industry and talent of the counsel engaged in the cause. The presiding judge is of opinion the power to administer did not confer on the partner the authority to mortgage, though it did, to contract the debt. The member of the court who delivers this opinion, though not clearly satisfied in his mind, is inclined to think the partner charged with the administration, could, if the act was necessary in the course of administration, not only borrow money but engage the property, of which he had the charge. It is unnecessary to give the reasons on which these opposite conclusions have been obtained, as on another part of the case we agree, and entertain no doubt.

By the pleadings in the cause, after the injunction was obtained, the case was changed from the *via executiva* to the *via ordinaria*; and the defendant in the pleadings filed by him, which produced this change, charges expressly, that the debt was contracted for the purpose of carrying on the business of the plantation, and with the assent and approbation of the other partners. On evidence being offered to support these allegations, the counsel for the party who had obtained the injunction, objected to its introduction on the ground that no such allegations were contained in the petition for the order of seizure and sale, and the court sustained the objection. We think the court erred in doing so. The law lends itself with facility to change the proceeding from the *via executiva* to the *via ordinaria*, because it promotes and expedites the administration of justice, and prevents another suit. That change

EASTERN DIS.
August, 1832.

RICHARD
*vs.*
BIRD ET AL.

A change from the *via executiva* to the *via ordinaria,* may be made by the introduction of testimony under the allegations in the original petition for the executory process; and if they are not sufficiently explicit to authorize the proof, a supplemental petition may be filed.

An act of mortgage of land, made by a duly authorized agent of the partners, is evidence of a debt against the firm.

The wife can neither alienate nor acquire real property, without the consent of her husband, of which consent, parole evidence is inadmissible.

may be made by the introduction of testimony under the allegations in the original petition for the executory process, and if they are not sufficiently explicit to authorize the proof, a supplemental petition may be filed. In the present case, owing to the defendants in execution, resorting to a petition, instead of filing their exceptions in the form of an opposition, the allegations on which the evidence was offered, were presented in the answer to the petition for an injunction. No objections were made to this answer being put in; if they had, they could only have been sustained, if at all, on formal grounds, and we therefore think the evidence was properly admissible.

Independent of this proof, the act of mortgage itself, which was properly admissible under the allegations in the petition for the order of seizure and sale, is evidence of a debt against the firm. *La. Code* 2846.

One of the persons who is charged as a partner, was a married woman, who entered into the contract of partnership, without the authority of her husband in writing. But it is shown by parole evidence, the husband was present when the act was signed, and that he declared he would have affixed his name to it, had he been required. Whether this would not be sufficient in a common case, need not be inquired, as, by the articles of partnership, two of the partners sold to the others, land and slaves, and made them joint property of the firm. As by law, the wife can neither alienate nor acquire real property without the consent of her husband, the contract is clearly not binding on her; whether she may not be made responsible in another form of action, on proving that the money was applied to her necessary use or benefit, need not be examined. *La. Code* 124, 1787.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed; and proceeding to give such judgement here, as in our opinion ought to have been given below, it is adjudged and ordered that the plaintiffs do recover of Joseph Richard, Jean Baptiste Richard, Raphael Richard, and Paul Richard,

severally, the sum of seven hundred and fifteen dollars and <span style="float:right">EASTERN DIS.<br>*August*, 1832.</span> sixty-two cents, it being their virile share of the obligation sued on, with interest at ten per centum from the first day of <span style="float:right">RICHARD<br>*vs.*</span> March, 1831, until paid. The costs of the *via executiva* to be <span style="float:right">BIRD ET AL.</span> paid by the plaintiffs therein, and the costs incurred subsequently to the filing of the answer to the petition of the injunction, both in the court below and in this court, be paid by the said Joseph, Jean Baptiste, Raphael, and Paul Richard, save those incurred in relation to Julie Richard, as to whom it is ordered and decreed that there be judgement against the plaintiff in the executory process, as in case of nonsuit, with costs in both courts.

PORTER, J., on a rehearing:

The court are of opinion the rehearing applied for in this case should be refused.

The first ground taken by the appellees requires no observation; but the second calls for an explanation of the reasons which induces the court to reject the application.

When evidence has been objected to in the inferior court, and rejected there, which on appeal it is considered should be admitted, the usual course has been to remand the case to enable the party who objected, to offer rebutting testimony. That course would certainly be followed in the present instance, if we did not think the case offered a proper and necessary exception to the general rule. In our opinion the proof offered by the plaintiffs was superfluous and unnecessary, and that had the defendants disproved it as fully as they say they could have done, they would still be responsible on the contract which their agent entered into in their name. The 2846th article of the Louisiana Code does not, in our judgement, require the lender to look to the application of the funds which the agent borrows from him. The validity of the obligation, apart from fraud and collusion, depends on the authority of the agent to contract, and the fact that he does contract in the name of the firm. Both are shown in the instance before us, and more was not necessary to be shown.

<span style="float:right">If the inferior court reject testimony which the supreme court consider admissible, but superfluous, the cause will not be remanded.</span>

The power
of an agent to
acknowledge
a debt, must
be more speci-
fic than that
which enables
him to con-
tract one.

Counsel have referred to that article of our code which requires the agent should have a special power to acknowledge a debt, and argue that as that special power is not exhibited here, the engagement entered into by the administrator of the partnership is not binding on his copartners. The power to contract a debt, and that of acknowledging one are not necessarily the same. The latter, to be sure, is embraced by the former, but the converse of the proposition is not true, and there may be good reasons why the legislature intended the power to be more special which would authorize an agent to acknowledge a debt previously contracted by the principal, than that which would enable him to contract a new one. But be that as it may, and admitting there are no solid grounds on which such a distinction can rest, it is the duty of the court to construe the law in such a manner as that all parts of it may have effect. The 2846th article must, therefore, be regarded as an exception to the general rule; if it were not, the engagements entered into by the general administrator would have no effect, though this law expressly says they shall be binding on the firm. The great inconvenience which would result from imposing the necessity of the member appointed to administer the affairs of the partnership, to have recourse on every contract to his partners for a special authority, was most probably the reason why the power was conferred. But whatever were the reasons, it is sufficient for the court that such is the legislative will.

The rehearing is, therefore, refused.