OVERTON, Justice.
 

 This is a, suit to foreclose a mortgage by executory process, alleged to have been executed by defendant, through its president, by virtue of a resolution of its board of directors. An order of seizure and sale was granted plaintiff. Defendant has appealed suspensively from this order. Its complaint is that it does not appear in the manner prescribed by law that its president was authorized to grant the mortgage.
 

 To pnable the president of a corporation to bind it he must be authorized to do so. Such authority is generally granted by a resolution of the corporation’s board of directors. The law expressly provides the degree of proof necessary to establish the granting of the requisite authority for the purpose of obtaining executory process. It provides that: “In all applications for executory process against property mortgaged by a corporation, a copy of the resolution of the Board of Directors authorizing the execution of the mortgage on behalf of the corporation, taken from the copy certified by the secretary and attached to the original act of mortgage, and certified by the notary before whom the Act was passed, or from the mortgage or conveyance records, when the records show that the copy filed for record was certified by the secretary, and certified by the recorder, shall be sufficient evidence of the authority of the officer or agent to execute same. * * * ” Act No. 148 of 1910, p. 226.
 

 There is in this case no resolution, certified to by the secretary of the corporation and by the notary, or by the recorder, as provided by the act — in fact no resolution of the board of directors was attached to the petition for executory process, or otherwise appears in the record, although it is alleged that one was attached.
 

 In these circumstances nothing remains to be done but to set aside the order of executory process. Bank of Leesville v. Wingate, 123 La. 386, 48 So. 1005.
 

 For these reasons, the order of executory process is set aside, and the application therefor is dismissed at plaintiff’s costs.