LeBLANC, Judge.
This appeal involves a suit for collection on a promissory note. The primary questions presented are: (1) whether the instant suit is one for deficiency judgment; and, (2) whether a debtor who failed to object to a seizure and sale under executory process can file a reconventional demand against the creditor in a separate suit, claiming damages for an alleged wrongful seizure in the creditor’s first suit. Answering no to both questions, we affirm the judgment of the trial court.
FACTS
On August 9, 1979, Thomas and Mary Wells (defendants) purchased certain immovable property from Michael and Patricia Sweeney. As consideration for this sale, the defendants executed a promissory note for $20,623.87, payable to the Swee-neys. This note provided for monthly payments, and was secured by a mortgage on said property. On May 13, 1982, the defendants took out a loan with First Guaranty Bank (the Bank), in exchange for which they executed a promissory note in the amount of $19,853.87, payable in full on September 10, 1982.
In June of 1982, the Sweeneys sold to the Bank the promissory note executed by the defendants on August 9, 1979. The Bank thereafter filed a petition for executory process, alleging that defendants had not made monthly payments on the Sweeney note since March 1, 1982, and praying for the issuance of a writ of seizure and sale with respect to the immovable property securing the note. In this suit, the Bank sought collection of the balance due on the Sweeney note, $17,248.16, plus legal interest, attorney’s fees and costs. Defendants did not raise any objection, in any manner, to these executory proceedings. In due course, the property was appraised for $44,000.00 and purchased at sheriff’s sale by the Bank for $29,334.00. The $6,020.20 remaining after satisfaction of the judgment on the Sweeney note was credited to the note executed by defendants on May 13, 1982.
Subsequently, on March 23, 1983, the present suit was filed seeking collection on the May 13, 1982 note, plus interest, attorney’s fees and costs. Defendants answered this suit and filed a reconventional demand claiming damages for wrongful seizure in the Bank’s first suit. They contend that no payments were actually overdue when the Bank wrongfully filed for exec-utory proceedings on the Sweeney note. Following trial, judgment for $19,853.87, plus interest, attorney’s fees and costs was rendered in favor of the Bank on the principal demand. Judgment was also subsequently rendered dismissing defendants’ reconventional demand. Defendants have now appealed.
DISCUSSION
With respect to the principal demand, defendants argue the Bank consistently treated the Sweeney note and the May 13, 1982, note' as one debt and that, consequently, the present suit should be construed as a suit for deficiency judgment, which is precluded because of defects in the executory proceedings in the first suit. This argument is based on the fact that on one occasion the Bank sent defendants a notice listing the amount due on the two notes as one combined figure. Additionally, a demand letter sent to defendants by the Bank’s attorney also listed only one total as the amount due on these notes. However, we feel that this notice and letter merely reflected a matter of the Bank’s internal bookkeeping. In all legal proceedings for collection, the Bank has treated the notes as two entirely separate debts. The present suit is one for collection on the May 13, 1982 note executed by defendants. The Bank’s previous suit for executory process was based only on the Sweeney note. A deficiency judgment is one that is obtained for a deficiency due on *124 a debt after distribution of the proceeds of a judicial sale. La.Code of Civ.Pro. art. 2771. The present proceeding is clearly not one for a deficiency judgment, since there was no deficiency in the proceeds realized from the seizure and sale of defendants’ property, which fully satisfied the Sweeney note. In fact, there was a surplus remaining after full satisfaction of the Sweeney note, which was credited to the balance on the May 13, 1982, note. Defendants’ argument is without merit.
Further, the Bank has established that it is entitled to judgment in its favor on the principal demand. At trial, the promissory note sued upon was introduced into evidence by the Bank. In a suit for collection on a promissory note, the introduction of the note is sufficient to make out the plaintiff’s case. Citizens Bank & Trust v. Consol. Terminal, 460 So.2d 663, 672 (La.App. 1st Cir.1984). Once the note is introduced, the burden shifts to the defendant to establish the nonexistence or extinguishment of the debt. Id. In the instant case, Mr. Wells acknowledged at trial that payment was never made on this note. He raised no valid defenses to its payment, his only excuse for nonpayment being that he thought the sale of the seized property had satisfied both notes. However, he also admitted he did not have the money to pay the note when it came due on September 10, 1982. The Bank, having established the debt’s existence and its nonpayment, and the defendants having raised no valid defense, the trial court was correct in rendering judgment for the Bank.
Defendants also argue the trial court erred in dismissing their reconven-tional demand for damages due to the Bank’s allegedly wrongful seizure and sale of their property. According to defendants, the seizure was wrongful because the Sweeney note was not in arrears as claimed in the Bank’s petition for executory process. Defendants’ position in essence is that, although they raised no objections or defenses at the time, they are now entitled to collect damages for wrongful seizure because they had a valid defense of payment, which they could have asserted in the executory proceedings. They assert no other defects in the executory proceedings.
In the instant case, defendants failed to avail themselves of procedural protections which the law provides to debtors in exec-utory proceedings. See La.Code of Civ. Proc. art. 2642. It is well-settled that all defenses and procedural objections to an executory process proceeding are waived if the debtor permits the seizure and sale to proceed without raising any objection by either a suit for injunction or a suspensive appeal. Gibsland Bank & Trust Co. v. Boddie, 480 So.2d 906, 909 (La.App. 2d Cir.1985); Plumbing Supply House v. Century Nat. Bank, 440 So.2d 173, 177 (La.App. 4th Cir.1983), cert. denied, 444 So.2d 1226 (1984); also see, Chrysler Credit Corp. v. Brown, 452 So.2d 810, 813-4 (La.App. 3d Cir.1984). Thus, defendants waived any defense of payment which they might have had in the executory proceedings on the Sweeney note. Plumbing Supply House, supra; Ford Motor Credit Company v. Herron, 234 So.2d 517, 519-20 (La.App. 3d Cir.1970). Accordingly, this alleged defense can not now form the basis of a suit for damages. Id. We therefore affirm the dismissal of defendants’ recon-ventional demand.
For the above reasons, the judgment of the trial court is affirmed. All costs of appeal are to be borne by defendants.
AFFIRMED.
WATKINS, J., dissents and assigns reasons.