LINDSAY, Judge.
This matter was previously before this court on appeal from a trial court judgment in favor of the defendant, Christine Sullivan King, rejecting the demands of the plaintiff, the Bank of Coushatta, for a deficiency judgment following a seizure and sale under executory process. This court affirmed the trial court judgment and held that defects in the executory proceedings prevented the plaintiff-bank from obtaining a deficiency judgment. See Bank of Coushatta v. King, 522 So.2d 1328 (La.App.2d Cir.1988). On October 7, 1988, the Louisiana Supreme Court granted the plaintiff’s writ application, 531 So.2d 463. The Supreme Court set aside the Court of Appeal judgment and remanded the matter to us for reconsideration in light of its decision on rehearing in First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1988). For the following reasons, we reverse the trial court judgment and remand the case for further proceedings.
BACKGROUND FACTS
The record reveals that on July 9, 1984, the bank filed a petition for executory process against Ralph King, Jr. and Christine Sullivan King, a married couple. The bank alleged that it was the holder and owner of two collateral mortgage notes executed by the Kings. Each note was for the sum of $250,000 and was paraphed “Ne Varietur” for identification with an authentic act of mortgage on real estate located in Franklin Parish. The bank demanded payment of $293,540.08, together with 13.5 percent per annum interest from December 1, 1983, until paid, plus 25 percent attorney fees on both principal and interest, and all costs of the proceedings.
A writ of seizure and sale was subsequently issued. The mortgaged property was appraised, and adjudicated to the bank at the sheriff’s sale on February 6, 1985 at a price of $70,000. Subtracting the cost of the sheriff’s sale, the Kings were entitled to a credit of $67,904.21 on the writ.
As the sales proceeds were insufficient to satisfy the principal indebtedness, the bank subsequently filed a suit for deficiency judgment against Mrs. King only, who was then divorced from Mr. King. The bank attached to its petition the two collateral mortgage notes and certified copies of the two acts of mortgage, which it had filed in the original action for executory process. The bank also attached a single payment handnote which had been executed by Mr. King alone. The handnote was in the original principal amount of $293,540.08, and provided for 13.5 percent per annum interest from date until paid and 25 percent attorney fees on the principal and interest due. The note had been executed on December 1, 1983, and it was due and payable on March 1, 1984. Also attached to the petition was a continuing guaranty executed by Mrs. King on Sep *1022 tember 4, 1981, guarantying Mr. King’s debts up to $393,884.40. The bank sought judgment against Mrs. King for the amount specified in the handnote, subject to the credit derived from the sale of the real estate in the executory proceedings.
The trial court found the executory proceedings were defective because the bank failed to attach the handnote to the petition for executory process in compliance with LSA-C.C.P. Art. 2637(C), as well as an authentic copy of the collateral pledge agreement which the trial court held to be a necessary link between the handnote and the collateral mortgage note. Consequently, because the executory proceedings were defective, the plaintiff was not entitled to obtain a deficiency judgment against Mrs. King, and the plaintiffs petition for deficiency judgment was dismissed.
The bank appealed. We affirmed the judgment of the trial court, holding that, in order to satisfy Article 2637(C), the bank was required to attach either the handnote or other evidence of the indebtedness to its petition for executory process. As the ex-ecutory proceedings were defective, the bank was unable to obtain a deficiency judgment against Mrs. King.
Following our decision in this case, the Supreme Court, in First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., supra, overruled its earlier decision in League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), which had held that a debtor could defend an action for deficiency judgment by asserting the nullity of the executory proceedings. Therefore, pursuant to the plaintiff’s writ application in this case, the Supreme Court reversed and remanded the case to this court for reconsideration.
DISCUSSION
We have reconsidered this matter, and in light of the Supreme Court decision in First Guaranty Bank, we find that the trial court judgment must be reversed. In the deficiency judgment proceedings, the case was submitted to the trial court for resolution of the defendant’s asserted defenses concerning the lack of authentic evidence in the executory proceedings. Under First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., supra, a creditor who fully complies with appraisal requirements may not be prevented from obtaining a deficiency judgment simply because of a lack of authentic evidence in the exec-utory proceedings. The creditor’s right to the deficiency judgment is based solely upon submission of evidence establishing the existence of the obligation, the amount of the deficiency due, and the fact that the property has been sold at judicial sale with benefit of appraisal. See Nick’s Auto Sales, Inc. v. Blakes, 530 So.2d 1195 (La.App.2d Cir.1988).
Here, the defendant has not alleged that the property was sold without benefit of appraisal. Therefore, upon submitting proper proof of its demands, the plaintiff is entitled to obtain a deficiency judgment. However, in reviewing the record to determine the plaintiff’s right to a deficiency judgment and the amount thereof, we observe that the case was submitted to the trial court on the pleadings and on counsel’s briefs. No formal stipulation appears of record, nor is there any indication that testimony or other evidence was presented relative to the merits of the deficiency judgment action, an action in which the defendant, in addition to her affirmative defenses, had denied liability for the obligation. The record before us fails to demonstrate, and it is unclear to us, whether the matter was submitted to the trial court on the whole case or merely for a determination of the viability of the defendant’s affirmative defenses.
CONCLUSION
Consequently, this case must be remanded to the district court for consideration of the merits of the action for deficiency judgment in light of any stipulation which was previously entered into by the parties, but which does not appear of record herein, or for trial on the merits on the action, in which evidence may be adduced to prove the existence and extent of the defendant’s obligation. Furthermore, in the event that judgment is rendered against the defen *1023 dant, and in order to avoid the possibility of excessive attorney fees, we direct the trial court to specifically consider all of the relevant evidence and circumstances and to fix attorney fees in accordance with law. See First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., supra, on limited rehearing.
REVERSED AND REMANDED.