GAUDIN, Judge.
Mr. and Mrs. David W. Millet appeal from a district court judgment giving the Bank of LaPlace the right to a deficiency judgment following the seizure and forced sale of five parcels of real property owed by the Millets in St. John the Baptist Parish. We affirm the judgment of the 40th Judicial District Court.
The Millets contend the trial court erred (1) in granting the deficiency because the bank’s appraiser, Henry Tatje, did not appear at the sheriffs office, swear to his appraisals, and submit them in writing, as required by law, (2) in accepting Mr. Tatje’s reduced second appraisal, (3) in concluding that the appraisal made by the sheriffs designated appraiser, Burton Ory, was fair and just, and (4) in finding that the sheriffs sale was valid.
The events leading up to the sheriffs sale are not in dispute. The bank appointed an experienced and qualified appraiser, Mr. Tatje, who testified that he did a thorough investigation, including a search for comparable sales, etc., then appraised the Millet property at $347,000.00. He telephoned the sheriffs office and advised a civil department employee of his appraisal figure. Mainly because of an economic decline, Mr. Tatje said he again telephoned the sheriffs office two months later and lowered his appraisal to $280,000.00, a reduction of 20 per cent.
Mr. Millet, meanwhile, appraised his property at $465,378.50. Because of the discrepancy in appraised values, the sheriff, in accord with the provisions of LSA-R.S. 13:4365(B), appointed a third appraiser, Mr. Ory, who submitted, in writing, a $372,689.25 figure, an average of the previous appraisals. The property was sold for $248,459.50, or two-thirds of the final appraisal.
Rose Marie Palmisano, employed in the civil department of the St. John the Baptist sheriffs office, testified that it was common practice for appraisals to be received by telephone. Regardless, the Millets did not oppose the sale by either seeking an injunction or by filing a suspensive appeal. They did, however, file an answer to the deficiency judgment petition, alleging appraisal blemishes in the executory process phase.
In First Guaranty Bank v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987), rehearing from page 838 to page 844, the Supreme Court of Louisiana at length discussed the differences between executory process, which is an in rem action requiring practically perfect authentic evidence, and a suit for a deficiency wherein a creditor does not have to prove that his exec-utory process proof was flawless. The Court held (1) that objections as to the lack of authentic evidence or as to minor defects of form cannot be used to annul the sale of immovable property by executory process and (2) that a creditor’s failure, in prior executory proceeding, to submit authentic evidence of a corporate resolution authorizing the corporation to place a mortgage on corporation-owned property did not constitute a valid defense to creditor’s subsequent action for a deficiency judgment.
The First Guaranty Bank decision specifically overruled earlier jurisprudence, particularly League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), which had allowed a debtor to defend a deficiency judgment suit by asserting that insufficient authentic evidence had been submitted in the executory process.
In First Guaranty Bank, the Supreme Court pointed out and criticized the fact that under League Central Credit Union directives, a debtor could decline to raise a good and appropriate defense in the exec-utory process proceeding and then allege the defense in the deficiency judgment action in an attempt to deprive the creditor of the full amount due. This is apparently what the Millets tried to do in district court.
Appellants do not argue now, nor did they contend at trial, that the deficiency judgment should not be allowed simply and solely because Mr. Tatje did not personally appear at the sheriff’s office. This is, the Millets say, only one of several defects. *648 Appellants submit that Mr. Tatje’s reduction of his appraisal from $347,000.00 to $280,000.00 whether sworn to or not, was erroneous, fraudulent and done in contravention of applicable laws. Appellants also question Mr. Ory’s appraisal.
There are no statutes or precedents preventing an appraiser from raising or lowering an appraisal. Mr. Tatje, a member of the American Institute of Real Estate Appraisers and otherwise eminently qualified, gave his reasons, and the trial judge accepted them as valid. Perhaps the most inexperienced appraiser was Mr. Millet, whose $465,378.50 figure was accepted at face value even though he had no training or background in appraising real property. Mr. Ory did not testify at trial. The Millets did not challenge his appraisal until after the deficiency judgment suit was filed. Mr. Ory did sign the required oath and he did formally submit his appraisal. The trial judge said in his assigned “Reasons for Judgment” that there had been no testimony suggesting that Mr. Ory was not qualified or that his appraisal was unjust even though it was an average of the appraisals made by Mr. Tatje and Mr. Millet. The trial judge said:
“Because it was this (Mr. Ory’s) appraisal which was used to establish the minimum selling price at the sale, and because there has been no showing that this appraisal was defective, the court finds that the failure of Mr. Tatje to sign his valuation under oath is of no legal consequence.”
To obtain a deficiency judgment, a creditor must affirmatively plead and prove the existence of the sued-on obligation and nonperformance by the defendant or defendants. Also, the creditor must establish by evidence that the property was sold after compliance with appraisal requirements; finally, the creditor must show that the forced sale did not fully extinguish the debt.
The trial judge here found that the Mil-lets’ property had been appraised in substantial accord with law although Mr. Tatje telephoned in his appraisals. Mr. Tatje’s use of the telephone may well have been a serious enough transgression to support either an injunction suit by the Millets trying to stop the sale or a suspensive appeal; however, once the sale went through uncontested and there was no suspensive appeal, Mr. Tatje’s telephone use became a minor defect of form and could not be used as a defense in the deficiency judgment action. Likewise, appellants’ unconvincing condemnation of Mr. Ory’s appraisal is of no consequence.
We affirm the district court judgment permitting the deficiency judgment. The Millets attack on the executory process was not timely; additionally, the trial judge did not err in finding the defense in the deficiency judgment suit lacking in substance.
Finally, we note this. The Supreme Court in First Guaranty Bank did state that under certain circumstances and when the alleged defect in the executory proceeding goes to the fundamental nature of the obligation, an aggrieved debtor could well have the forced sale annulled although he failed to prevent it by injunction or suspen-sive appeal. The Court did not further describe “certain circumstances” or fundamental defects. It did assuredly say that the failure to submit an authentic corporate resolution authorizing the company to give a mortgage was not a fundamental flaw and that such failure could not be used to defend against a deficiency if not presented as a defense in the executory process.
Here, we place the bank appraiser’s failure to submit written appraisals in the same category as the failure to place in evidence an authentic corporate resolution. Both are minor defects of form. Such faults must be alleged by a defendant in the executory proceeding; otherwise, it is too late.
The Millets are to bear the costs of this appeal.
AFFIRMED.