575 So.2d 527 (1991)
Melanie L. BOUE
v.
LOOMIS ARMORED, INC., Frank B. Stewart, Jr., Providence Land Corp., ABC Insurance Company, and XYZ Insurance Company.
No. 90-CA-642.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1991.
Joseph B. Morton, Lawrence J. Duplass, Kathleen C. Marksbury, Duplass, Witman, Zwain & Williams, Metairie, for defendants/appellees, Frank B. Stewart, Jr. and Providence Land Corp.
Carole A. Breithoff, Danner and Breithoff, Metairie, for plaintiff/appellant.
Before KLIEBERT, BOWES and DUFRESNE, JJ.
BOWES, Judge.
Plaintiff, Melanie L. Boue, filed a petition for damages which occurred when she was struck in the shoulder by the rear platform of a large truck which was parked in front of the Heritage Plaza Building on Veterans Boulevard. Names as defendants in the suit were Loomis Armored, Inc., owners of *528 the truck, Frank Stewart, Jr., owner of the Heritage Plaza Building and lessee of the land upon which the building is located, and Providence Land Corporation, owner/lessor of the land.
Frank Stewart, Jr. and Providence Land Corporation filed a motion for summary judgment which was granted by the trial court and plaintiff appeals. We affirm.

FACTS
Plaintiff was injured as she exited the Heritage Plaza building in Metairie. There are two stairways exiting the building. At the time of the accident, one stairway was under construction and was barricaded by ropes. A Loomis armored truck was parked at the base of the other stairway, servicing a tenant of the building.
Plaintiff descended the stairs and attempted to turn to the right to go to the building adjacent to the Heritage Plaza. She saw two Loomis employees standing and conversing in the space between the truck and the barricaded stairway. She proceeded to the left, intending to go around the rear of the truck. As she stepped off the curb, a Loomis employee lowered the rear platform of the truck, which struck appellant on the right shoulder, causing her to sustain injuries.

ANALYSIS
It is well established that a motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966. Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts presented to the court is a summary judgment warranted. Caplan v. Pelican Homestead and Sav. Assn., 542 So.2d 622 (La.App. 5 Cir.1989).
Plaintiff alleges that Frank Stewart and Providence Land Company had a duty to provide a safe egress for patrons of the Heritage Plaza. She alleges that they breached this duty by allowing traffic in front of the exit, and by failing to place "no parking" signs in front of the exit, by failing to provide separate access for delivery vehicles, and/or by failing to properly supervise.
In Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La. 1984), the Louisiana Supreme Court set forth the factors to be considered in applying the duty-risk analysis to determine liability in tort actions. These factors are:
I. Whether the conduct of which plaintiff complains was a cause-in-fact of the harm;
II. Whether there was a duty on the part of the defendant which was imposed to protect against the risk involved;
III. Whether there was a breach of that duty; and
IV. Damages.
Allowing the Loomis truck to park in front of the building was probably a cause-in-fact of the accident. But we need not decide this point conclusively.
Both parties agree that the truck was parked in front of the exit. Both parties also agree that Ms. Boue exited the building and walked around the truck, at which time the accident occurred. Applying the "but-for" test, the facts show that but for the failure to provide "no parking" zones in front of the only available exit, the truck probably would not have parked in front of the exit, and Ms. Boue would not have been struck by the truck's tailgate. But, neither must we conclusively decide this point.
We do agree that the lessor and the owner had a duty to plaintiff. A business owner and/or proprietor has a duty to provide his patrons a reasonably safe place. Toups v. Hawkins, 518 So.2d 1077 (La.App. 5 Cir.1987). Included in that duty is the proprietor's obligation to exercise reasonable care to protect his guests from harm at the hands of an employee, another guest or a third party. Toups v. Hawkins, supra.
Furthermore, an owner must provide patrons with passageways that can be negotiated safely with exercise of ordinary *529 care. Reciprocally, the patron must exercise ordinary care for her own safety while on the premises. Carpenter v. Hartford Fire Ins. Co., 537 So.2d 1283 (La.App. 2 Cir.1989).
However, while an owner has a duty to its patron to take reasonable care for their safety, he is not the insurer of the patron's safety. Butler v. K-Mart Corporation, 432 So.2d 968 (La.App. 4 Cir.1983).
We agree with the trial court's finding that the incident which caused Ms. Boue's injuries was not foreseeable by defendants. While defendants owe a duty to provide plaintiff with safe egress, that duty does not encompass the risk or foresight that an employee from an armored truck company would carelessly and negligently lower the rear platform of the truck while someone was passing directly underneath it and cause injuries to the plaintiff.
We find that Frank Stewart, as owner of the building, and Providence Land Corporation, as owner of the property upon which the building sits, cannot be held liable in this case.
Accordingly, we hold that summary judgment was warranted in this case and the trial court did not err in granting same.
For the above-discussed reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff.
AFFIRMED.