589 So.2d 5 (1991)
SECURITY HOMESTEAD FEDERAL SAVINGS CORPORATION
v.
Rickey J. ULLO.
No. 91-CA-217.
Court of Appeal of Louisiana, Fifth Circuit.
October 16, 1991.
*6 Paul J. Mirabile, L. Marlene Quarles, Travis J. Causey, Jr., New Orleans, Gerald Wasserman, Metairie, for plaintiff/appellee.
Leonard L. Levenson, New Orleans, for defendant/appellant.
Before DUFRESNE, and GOTHARD, JJ., and ELORA C. FINK, J. Pro Tem.
GOTHARD, Judge.
This is an appeal by the defendant of a summary judgment in a suit for deficiency judgment. We reverse.
On May 8, 1989, Security Homestead Association filed a petition for deficiency judgment alleging that, pursuant to its right as mortgagor, it seized and sold property owned by defendant, Rickey J. Ullo, *7 through executory process with appraisement in accordance with law. The petition sought a judgment against defendant for $46,795.76, plus interest and attorney's fees, subject to a credit of $.21 representing the proceeds of the sheriff's sale.[1]
Defendant filed an exception of no cause of action on the grounds that the seizure, appraisement and sale were defectively conducted. Subsequently, without waiving that exception, defendant filed an answer generally denying plaintiff's claim and asserting certain affirmative defenses in addition to a claim that plaintiff failed to credit monies paid on defendant's behalf by the Private Mortgage Insurance (PMI) carrier.
Plaintiff filed a motion for summary judgment. Attached to the motion is an affidavit of correctness of account by Miller P. Holmes, managing agent for the Resolution Trust Corporation which serves as conservator for Security Homestead Association. Mr. Holmes attested to the amount of indebtedness as plead in the original petition for deficiency judgment. No other evidence was offered by plaintiff. The record of the executory proceeding was not introduced into evidence and, therefore, is not before us.
Defendant filed a countervailing affidavit disputing the manner in which the sale, seizure and appraisement were conducted and the amount of credit for monies paid on the indebtedness.
At the hearing on the motion for summary judgment no evidence was offered by either party. Plaintiff relied solely on First Guar. Bank v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987). Plaintiff's argument in the trial court, simply stated, was that assertion of defenses to executory process must be raised by injunction or appeal from the executory proceeding and not in the deficiency judgment action. The trial court granted the motion for summary judgment and rendered judgment in favor of Security and against Ullo for $46,795.76, and a negative escrow balance of $199.56 plus interest, costs and attorney's fees subject only to a $.21 credit.
From this adverse judgment, Ullo appeals arguing that the trial court erred in granting a summary judgment where genuine issues of material fact remain to be decided.
C.C.P. art. 966 B, in part, provides that a summary judgment
"shall be rendered if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
The burden is on the mover to establish that there are no genuine issues of material fact still at issue and he is entitled to judgment as a matter of law. St. Pierre v. Lombard, 512 So.2d 1206 (La.App. 5th Cir. 1987). Any doubt must be resolved against the mover, and against the granting of a summary judgment, and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Caplan v. Pelican Homestead and Sav. Assn., 542 So.2d 622 (La.App. 5th Cir.1989).
Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law based on the facts presented to the court is a summary judgment warranted. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Boue v. Loomis Armored, Inc., 575 So.2d 527 (La.App. 5th Cir.1991). The court must test the efficacy of the motion for summary judgment by closely scrutinizing the mover's pleadings, while treating those of the opposing party indulgently. Manders v. Singleton, 558 So.2d 772 (La.App. 5th Cir.1990). When there are contradictions on factual issues created by depositions and affidavits, a party is not entitled to a summary judgment. Gatlin v. Coca-Cola Co., 461 So.2d 452 (La.App. 5th Cir.1984); Caplan v. Pelican Homestead and Sav. Assn., supra.
*8 It is obvious from the rationale of these well established principles of summary judgment that any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Talamo v. Johnston, 554 So.2d 800 (La.App. 5th Cir.1989). A review of the applicable law in this matter begins with articles 2771, 2772 of the Louisiana Code of Civil Procedure which clearly establish the requirements and procedure for obtaining a deficiency judgment.[2]
The Supreme Court in First Guar. Bk. v. Baton Rouge Petroleum, 529 So.2d 834 (La.1987) explained that an action for deficiency judgment is a personal action, separate from the in rem executory proceedings, in which the mortgagor must prove his indebtedness asserted by the usual modes of proof. The court also set forth clear requirements for obtaining a deficiency judgment.
To obtain a deficiency judgment, the creditor first must affirmatively plead and prove the existence of the obligation giving rise to the debt, La.C.C. art. 1831, and the grounds of nonperformance entitling him to maintain his judicial action. La.C.C. art. 1994. Further, he must aver and establish by evidence that the property was sold under the executory proceeding after appraisal in accordance with the provisions of article 2723 of the Code of Civil Procedure; Gordon Finance Co. v. Chambliss, 236 So.2d 533 (La.App. 2d Cir.1970), writ denied, 256 La. 869, 239 So.2d 364 (1970); Pickering v. Kenney, 205 So.2d 199 (La.App. 2d Cir.1968); and that the proceeds received were insufficient to satisfy the balance of the performance then due.
First Guar. Bk. v. Baton Rouge Petroleum, supra, at 842. (emphasis added)
A careful reading convinces us that the holding in First Guar. Bk., that a lack of authentic evidence in the executory proceeding cannot be used as a defense in a deficiency action, does not relieve a creditor of his burden of proof in the case for a deficiency action. The law requires that a creditor prove that a deficient amount remains due on the debt after distribution of the proceeds of the judicial sale and that the property was sold under executory procedure after appraisal in accordance with La. C.C.P. art. 2723. First Guar. Bk. v. Baton Rouge Petroleum, supra at 843.
In the instant case, the allegation that the property was sold in accordance with proper procedures is unsupported by any evidence. Since that fact is refuted by the defendant, an issue of material fact remains to be decided precluding plaintiff's right to a summary judgment.
Defendant has also urged the affirmative defense of set off, claiming a credit for PMI proceeds collected by plaintiff. We believe defendant has a right to raise this affirmative defense. The debtor may assert that an obligation is null, or that it has been modified or extinguished. First Guar. Bk. v. Baton Rouge Petroleum, supra.
Defendant's assertion that he is due a credit for the PMI proceeds was supported by evidence filed in the record including a letter from the PMI carrier indicating the amount paid to plaintiff, a release form and a copy of the declarations page of the policy.[3] We find that evidence sufficient to *9 defeat plaintiff's right to a summary judgment on the issue of the amount of indebtedness.
While we make no findings on the ultimate success of defendant's defenses, we do find sufficient countervailing assertions and evidence to preclude a summary judgment in this matter. Consequently, the judgment rendered by the trial court granting plaintiff's motion for summary judgment is vacated and the matter remanded to the trial court for further proceedings not inconsistent with this decision. Costs of this appeal are assigned to the plaintiff.
JUDGMENT VACATED AND MATTER REMANDED.
NOTES
[1] According to the petition, Security acquired the property for $529.00 at the sheriff's sale and incurred $528.79 in costs leaving a net of $.21.
[2] Art. 2771. When deficiency judgment obtainable

Unless otherwise provided by law, the creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723.
Art. 2772. Procedure to obtain deficiency judgment
A creditor may obtain a deficiency judgment against the debtor either by converting the executory proceeding into an ordinary proceeding as provided in Article 2644, or by a separate suit. In either case, the defendant must be cited, and all of the delays and formalities required in ordinary proceedings must be observed.
[3] The declarations page is illegible and it is therefore impossible to ascertain who actually purchased the policy and from whom the premiums were collected.