594 So.2d 584 (1992)
Patrick M. HENDRY
v.
UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY and Robert F. Panek.
No. 91-CA-679.
Court of Appeal of Louisiana, Fifth Circuit.
February 18, 1992.
Rehearing Denied March 17, 1992.
Edwin R. Fleischmann, Jr., Metairie, for plaintiff/appellant.
Albert J. Nicaud, Metairie, for defendants/appellees.
Before GRISBAUM, GOTHARD and CANNELLA, JJ.
GOTHARD, Judge.
Plaintiff, Patrick Hendry, appeals the trial court judgment which grants a motion for summary judgment filed by defendants, Robert Panek and United States Fidelity and Guaranty Insurance Company (USF & G). We affirm.
Patrick Hendry filed an action for damages against Robert Panek and USF & G as a result of injuries sustained in a racquetball game. The plaintiff suffered injuries to his front teeth and lips.
In his petition, plaintiff alleged negligence on the part of Panek in the following respects:
A) Failing to act in a careful and prudent manner under the circumstances;
B) Failing to exercise caution by swinging the racquet too wide;
C) Failing to see what he should have seen; and
D) Such other acts of negligence as will be shown at the trial of this cause.
*585 In response to those allegations, defendants filed an exception of no cause of action asserting that "there is no statutory or jurisprudential duty upon a participant in a sports activity to refrain from accidentally injuring another participant who is fully aware of the risks involved." The trial court maintained the exception and ordered plaintiff to amend his petition to state a cause of action. By a supplemental and amending petition the plaintiff alleged that Panek "swung wildly, too wide to properly hit the ball." It was also alleged that Panek was "not abiding by the rules of the game, and was playing with a reckless disregard for the safety of the other participants."
Depositions of both Hendry and Panek were taken, after which defendants filed a motion for summary judgment. It is the grant of that motion and the dismissal of plaintiff's action which forms the basis of this appeal.

FACTS
On January 19, 1989, plaintiff was engaged in a game of racquetball with Robert Panek and Stephen Schoellmann at the Metairie YMCA. The men were playing "cut throat," a game in which the server plays against the other two players on the court. Racquetball is a fast-paced game played on a fully enclosed court approximately 36' by 20'. At the time of the incident all three players were behind the center line and, therefore, confined to about one-half of the court space.
All three players were, more or less, facing the front wall of the court with Panek in the center, Schoellmann to his left and Hendry to his right when Hendry was hit in the face with Panek's racquet. According to his testimony, plaintiff was about two feet behind and five feet to the right of Panek when Panek swung the racquet too wide after backhanding a ball which landed on his left, hitting Hendry on the follow-through.
In that portion of his deposition which is contained in the record, plaintiff described the incident as an "avoidable accident." He explained that, in the game of racquetball, the primary concern when the ball comes off the wall is to hit the ball. He testified that it is the responsibility of the other players to get out of the way of the ball and the swing of the racquet.
He stated that he was hit on the follow-through and that Panek did not deliberately intend to strike him with the racquet. Hendry testified that, although the incident was accidental, Panek could have avoided it by swinging the racquet in a normal follow-through fashion rather than the wild, wide swing which resulted in the injury to Hendry's face.
Panek testified that he hit the plaintiff in the face with his racquet but his recollection was that it was a forehand swing which hit the ball first and then hit plaintiff on the follow-through. He stated that Hendry was out of his line of vision and the incident was purely accidental.
Schoellmann, the third player, executed an affidavit in which he stated that, it appeared Panek "carelessly and recklessly swung too wide," striking the plaintiff on the follow-through of a backhand hit.
By all accounts, the undisputed facts are that Panek unintentionally struck Hendry in the mouth with a racquet during the course of play in a racquetball game in which both men were participants.
In Murray v. Ramada Inns, Inc., 521 So.2d 1123 (La.1988) our Supreme Court held that the adoption of comparative negligence eliminated assumption of risk as a total bar to recovery, regardless of whether a defendant is found negligent or strictly liable. A defendant's duty does not turn on a particular plaintiff's state of mind, but instead should be determined by the standard of care which the defendant owes to all potential plaintifffs. Murray v. Ramada Inns, Inc., supra. With regard to instances which involve voluntary participation in certain types of activity our Supreme Court has stated that such cases will turn on their particular facts and may be analyzed in terms of duty/risk. The court explained:
Nor does our decision today mean that the result reached in the sports spectator *586 or amusement park cases (common law's "implied primary" assumption of risk cases) was incorrect. However, rather then relying on the fiction that the plaintiffs in such cases implicitly consented to their injuries, the sounder reasoning is that the defendants were not liable because they did not breach any duty owed to the plaintiffs.
Murray, supra at 1134.
In accordance with that jurisprudence, this court has discussed the application of duty/risk in the context of voluntary participants in sporting activities, finding that players have a duty to play with sportsmanlike conduct, according to the rules of the game and to refrain from acts which are unforeseeable and which evidence wanton or reckless disregard for the other participants. Picou v. Hartford Ins. Co., 558 So.2d 787, 790 (La.App. 5th Cir. 1990). Under that standard, given the accounts of the incident by all parties, we do not find that the defendant acted in an unsportsmanlike or unreasonable manner when hitting the ball. Nor does his action in swinging the racquet too wild or wide, as alleged by plaintiff, constitute wanton and reckless behavior. Typically, the level of conduct necessary to constitute wanton and reckless behavior involves actions knowingly taken, or not taken, which would likely cause injury to another. A conscious indifference to consequences must be shown. Bourgeois v. State Farm Mut. Auto. Ins., 562 So.2d 1177 (La.App. 4th Cir.1990); writ den. 567 So.2d 611 (La.1990).
We believe the risk of being hit with a racquet in this manner is inherent in the fast-paced game of racquetball. Even accepting plaintiff's version of the incident in its entirety, we do not find that defendant's action constitutes a breach of duty owed to the plaintiff.
A motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Since we find no duty breached by the defendant we find that the trial court was correct in sustaining the motion for summary judgment in favor of defendants.
For the foregoing reasons, we affirm the trial court judgment in favor of defendants.
AFFIRMED.