GOTHARD, Judge.
Plaintiff, Haywood Jack, appeals a judgment in which the trial court granted defendants’ motion for summary judgment. We reverse.
Haywood Jack filed a petition seeking damages for unlawful detention and malicious prosecution against American Bank and its employee, Kathy Johnson. The defendants answered the allegations in the form of a general denial and asserted certain affirmative defenses. Defendants also filed a third party demand against the St. Charles Parish Sheriff’s Office. Those third party claims were subsequently dismissed by defendants.
Defendants then filed a motion for summary judgment asserting that there were no genuine issues of material fact to be decided and as a matter of law they were entitled to summary judgment. After a hearing on the matter the trial court entered a judgment in favor of defendants which dismissed plaintiff’s suit. It is from that judgment that plaintiff appeals.
FACTS
On the morning of June 1,1990 Haywood Jack took his 82 year-old neighbor, Landry Fox, to American Bank to cash a social security check. The check was made payable to Mr. Fox and to his wife, Beatrice Fox. Mr. Jack drove up to the drive-up window and presented the check to a bank teller for payment. Mr. Fox was in the passenger seat.
The teller refused to cash the check because Mrs. Fox’s signature on the check did not match her signature on file with the bank. Mr. Jack was told to return with the check properly endorsed or bring Mrs. Fox back to the bank for verification of her signature.
Mr. Jack and Mr. Fox left the bank and proceeded to the home of Mr. and Mrs. Fox where Mrs. Fox endorsed the check. Mr. Jack returned to the bank alone to cash the check.
It is at this point that the plaintiff’s version of the facts differs from that of the defendant, Kathy Johnson. Mr. Jack contends that he went into Kathy Johnson’s office and attempted to calmly explain the circumstances surrounding the transaction. It is Mr. Jack’s contention that Ms. Johnson was rude. She called the Sheriff’s Office after refusing to allow an explanation. Mr. Jack asserts he quietly left her office and went to one of the tellers to cash the check. After completing that transaction Mr. Jack brought the money to the Foxes and returned home.
Later that same day Mr. Jack returned to the bank to make a monthly payment on his home mortgage. He was approached by Deputy Darren Matthews of the St. Charles Parish Sheriff’s Office who had answered Ms. Johnson’s call to police. Deputy Matthews came up to Mr. Jack and asked him to step outside. Mr. Jack complied and was arrested, handcuffed and taken to the Sheriff’s Office where he was charged with disturbing the peace. The case was subsequently dismissed when no witnesses against Mr. Jack appeared at trial.
*450 Ms. Johnson executed an affidavit in which she asserts that Mr. Jack returned to the bank and “angrily walked into her office.” She stated that Mr. Jack refused her request to sit calmly and discuss the matter and continued to stand and argue with her “in a loud and unruly manner.” She further alleged that Mr. Jack threatened her, “jerked the check out of her hand, put his finger and fist in her face and told her she had not heard the last of this.” Ms. Johnson stated that she feared for her safety and the safety of other bank employees and that fear prompted her to call police.
Deputy Matthews stated in his deposition that he went to the bank in answer to Ms. Johnson’s call and took a statement from her. He further stated that Mr. Jack did not cooperate when given an opportunity to explain his side of the story. Deputy Matthews’ arrest of Mr. Jack was based on the information given to him by Ms. Johnson in her statement.
A motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact left to be decided and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Hendry v. US. Fidelity and Guar. Ins. Co., 594 So.2d 584, 586 (La.App. 5 Cir.1992), writ den. 600 So.2d 610 (La.1992).
The burden of proving a summary judgment is warranted falls on the mover. St. Pierre v. Lombard, 512 So.2d 1206 (La.App. 5 Cir.1987); Security Homestead Fed. Sav. v. Ullo, 589 So.2d 5 (La.App. 5 Cir.1991). Only when reasonable minds must inevitably conclude that the mover is entitled to summary judgment based on the facts presented is such judgment warranted. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); Security Homestead Fed. Sav. v. Ullo, supra.
The purpose of summary judgment is to expeditiously dispose of those cases involving only issues of law. Menard v. UCAR Pipeline, Inc., 465 So.2d 231 (La.App. 3 Cir.1985). Any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Talamo v. Johnston, 554 So.2d 800 (La.App. 5 Cir.1989).
In the instant case two theories of tort are presented: false imprisonment and/or malicious prosecution.
False arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority. Kyle v. City of New Orleans, 353 So.2d 969, 971 (La.1977), on remand 357 So.2d 1389; denied 359 So.2d 1307 (La.1977). Because there are no allegations of fact or evidence presented which support a claim of false imprisonment against defendants on that claim, we affirm the trial court’s grant of summary judgment. The elements of malicious prosecution are:
(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; (6) damage conforming to legal standards resulting to plaintiff. Jones v. Soileau, 448 So.2d 1268 (La.1984); ...
Miller v. East Baton Rouge Parish Sher. Dept., 511 So.2d 446 (La.1987), on remand 522 So.2d 578; writ den. 524 So.2d 520 (La.1988).
It is of the utmost importance to plaintiff’s case that he prove the absence of probable cause and the presence of malice on the part of the defendant. For probable cause to exist there must be “an honest and reasonable” belief in the guilt of the prosecuted party. Jones v. Soileau, supra. The appearances must be such as to lead a reasonable person to set the criminal process in motion; unfounded suspicion and conjecture will not suffice. Miller v. East Baton Rouge Parish Sher. Dept., supra.
The element of malice is also an essential element of the tort of malicious prosecution. Since the determination of *451 malice in a malicious prosecution case is a question of fact, the issue is to be determined by the trier of fact unless only one conclusion may reasonably be drawn from the evidence. Miller v. East Baton Rouge Parish Sher. Dept., supra at 453.
Given the fact that necessary elements of plaintiff’s malicious prosecution action require factual determinations from conflicting evidence, this matter was not properly decided on a summary judgment motion.
For the foregoing reasons the trial court’s judgment is affirmed as to the false imprisonment claim and reversed as to the malicious prosecution claim, and the matter is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.