|1DUFRESNE, Judge.
This is an appeal by James Davis and Benjamin Saunders, and them respective wives, defendants-appellants, from a summary judgment in favor of Martin Miller, plaintiff-appellee, the holder of two $55,-000.00 demand notes, in his suit on those notes. In this court’s opinion, the trial judge fell into error in declining to consider evidence extrinsic to the notes which the defendants urged would have established facts showing that the indebtedness evidenced by those notes was not theirs individually, but rather that of a partnership. Whether this excluded evidence would, in fact, exonerate the defendants from liability to the plaintiff on the notes, and instead establish liability of the partnership, is not a determination to be made by this court in the present posture of the case. However, that evidence clearly raises disputed factual issues concerning liability on the notes, thus precluding summary judgment. In this circumstance, |2we must vacate the judgment and remand the matter to the district court for further proceedings.
There are two legal principles involved in this case. The first concerns the circumstances in which summary judgment is appropriate, and the second involves the admissibility of extrinsic evidence to controvert or explain a writing.
As for summary judgment, although it may be a useful procedural device for disposing of truly unmeritorious or frivolous suits, its use is not appropriate where there exists any dispute as to any material fact, La.Code Civ.Pro., Art. 966. When such relief is sought, the moving party bears the burden of showing that there are no material facts in dispute and further that he is entitled to judgment as a matter of law, Security Homestead Federal Savings Corp. v. Ullo, 589 So.2d 5 (La.App. 5th Cir.1991). Any doubt as to facts or law must be resolved against the moving party and in favor of trial on the merits, Id. This is so even where it is doubtful, considering the record of the case, that the opposing party can prevail at trial, Dearie v. Ford Motor Co., 583 So.2d 28 (La.App. 5th Cir.1991).
The second issue concerns the admissibility of evidence extrinsic to a writing. Article 1848 of our Civil Code provides:
Testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act or an act under private signature. Nevertheless, in the interest of justice, that evidence may be admitted to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
The Revision Comments-1984, to the above article, as well as the |3jurisprudence cited in those comments, disclose that it was not intended to change the law as previously set forth in Article 2276. In the leading ease interpreting Article 2276, the court stated:
It may not be contended for example, that, as between the parties to an instrument parol evidence is incompetent to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or to show that the writing is only a part of an entire oral *779 contract between the parties. (Emphasis in original)
Gulf States Finance Corp. v. Airline Auto Sales, Inc., 248 La. 591, 181 So.2d 36 (1965).
In the present case, the trial judge granted summary judgment on the notes, based on the following reasons:
It is undisputed that the promissory notes in question were signed by the Defendants. The Court is of the opinion that there was consideration for the signing of the notes. Consideration can exist merely for the benefit of the parties, and does not have to be for exact amounts received. The Court further took note that no one pled payment of any of the notes, nor is the amount of the notes in dispute.
It is evident from these reasons that the trial judge gave no consideration to the overall context in which these notes were signed.
Because of our disposition of this matter we need not recite the alleged details of the dealings among the parties. We do, however, note the following circumstances which we deem pertinent here. The defendants alleged in their papers that the notes were understood by all the parties to relate only to their virile share of any partnership debts to the plaintiff, and were never intended to be personal obligations. Other allegations are that the proceeds of the bank loan made by plaintiff (which plaintiff claims is the consideration for the |4notes) were used exclusively to acquire assets for the partnership and pay some of its debts. Although the St. Tammany Parish property purchased with the proceeds of the loan was originally placed in the names of the plaintiff and defendants, some ten months after the notes were signed, a counter-letter was recorded in the conveyance office which recited that the property was, and had been since its acquisition, in truth and fact that of the partnership, and not of the individuals originally named in the act of sale. Additionally, there are assertions that plaintiff himself always treated the indebtedness growing out of the property purchase as being that of the partnership or the law firm, because that is how he carried it on his own books.
Considering all of the above alleged facts, it is clear to this court that there are numerous matters in dispute which might well affect not only the nature and extent of defendants’ liability on the notes in question, but the possible liability of the partnership as well. However, as we stated above, until all of the facts of this case have been determined in the district court, we are unable to say what the result should be as to any of these questions. In these circumstances, we must set aside the summary judgment and remand the case to the district court.
As a final matter, we note that defendants filed an exception of failure to join an indispensable party, and it appeal’s that plaintiff acquiesced in this exception and agreed to join the partnership as a party defendant. It does not appear, however, that this was ever done, or that the trial judge ever otherwise ruled on the exception. |5Because no ruling was made on the exception, we leave it to the district judge to further act on that issue consistent with this opinion.
For the foregoing reasons the summary judgment entered in this matter is hereby vacated, and the case is remanded to the district court for further proceedings.

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.